# In the United States Court of Federal Claims

No. 19-259

(Filed: May 15, 2019)

*************************************  *
                                       *
DOE NO. 1, *et al.*,                   *
                                       *
                      Plaintiffs,      *
                                       *   RCFC 10(a); Fed. R. Civ. P. 10(a);
v.                                     *   Anonymous or Pseudonymous
                                       *   Plaintiffs.
UNITED STATES,                         *
                                       *
                      Defendant,       *
                                       *
*************************************  *

*Linda Lipsett*, with whom were *Jules Bernstein* and *Michael Bernstein*, Bernstein & Lipsett, P.C., Washington, D.C., and *Daniel M. Rosenthal* and *Alice Hwang*, James & Hoffman, P.C., Washington, D.C., for Plaintiffs.

*Ashley Akers*, Trial Attorney, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Tara K. Hogan*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### OPINION AND ORDER

WHEELER, Judge.

Plaintiffs in this case have filed a motion for a protective order and for permission to file their claims anonymously, arguing that, as employees of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF"), disclosing their names could open them to harassment or attack by third parties subject to BATF investigatory and enforcement activities. Because (i) Plaintiffs work for a "sensitive" federal law enforcement agency, (ii) the Government will not be prejudiced, and (iii) the public only has a slight interest in Plaintiffs' actual identities and the public's view of the issues in the case will not be impaired, the motion is GRANTED.

Background

Plaintiffs are Intelligence Research Analysts, Industry Operations Investigators, and Investigative Analysts with BATF.  Pls. Mot. for Protective Order, Dkt. No. 5 ("Pls. Mot.") at 1.  They allege that BATF violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by requiring that they earn compensatory time and travel compensatory time, rather than pay, for overtime hours worked.  Id.

Plaintiffs filed their Complaint on February 15, 2019.  Dkt. No. 1.  On March 28, 2019, Plaintiffs filed the motion at issue here.  Pls. Mot., Dkt. No. 5.  They assert that their "work for BATF often involves classified and confidential law enforcement related duties," Pls. Mot. at 2, and, "because of the sensitive nature of their employment and occupational categories at BATF, publicly disclosing their names in this action increases their risk of harassment or attack."  Id. at 1.  For support, they point to Long v. OPM, 692 F.3d 185 (2d Cir. 2012), in which the Office of Personnel Management ("OPM") withheld the names of all BATF employees in answering a FOIA request on the grounds that BATF is a "sensitive" agency, id. at 189.

The Government responds that Plaintiffs have not alleged a sufficiently reasonable and specific fear of harassment or attack to overcome the public's interest in open court proceedings.  Dkt. No. 11, Def. Resp. at 4-6.  The Government points out that Plaintiffs' names have been public for more than a month already and that Plaintiffs in this case overlap with those in two other FLSA cases pending before the Court of Federal Claims, in which their names are public.  Id. at 2, 6 (citing Fed. Cl. No. 17-1946; Fed. Cl. No. 18-520).[1]

Plaintiffs filed their reply brief on May 3, 2019.  Dkt. No. 14.  The Court did not hold oral argument on the motion.

Analysis

Rule 10(a) requires that a Complaint name all of the plaintiffs to a suit and that the other pleadings must at least name the first plaintiff.  RCFC 10(a).  Identifying all parties to a lawsuit facilitates public scrutiny of judicial proceedings.  See Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted).  Nevertheless, many federal courts permit a plaintiff to proceed anonymously "when special circumstances justify secrecy," such as when necessary "to protect a person from harassment, injury, ridicule or personal embarrassment."  Id. (citations omitted).  In such cases, "the plaintiff's interest in anonymity must be balanced against both the public

---

[1] In anticipation of the other BATF FLSA cases possibly proceeding anonymously, the Court refers to these cases by Fed. Cl. case number only.

interest in disclosure and any prejudice to the defendant." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008).

The Federal Circuit has never addressed the issue of when a plaintiff may proceed anonymously. The Court of Federal Claims has confronted the issue twice in the context of the risk of a defendant's retaliating against a known plaintiff. See Whalen v. United States, 80 Fed. Cl. 685, 690-93 (2008); Wolfchild v. United States, 62 Fed. Cl. 521, 552-54 (2004). In both cases, the court applied the Ninth Circuit's five-factor test, which accounts for: (1) the severity of the threatened harm to the party; (2) the reasonableness of the party's fears; (3) the party's vulnerability to potential harm; (4) the public interest; and (5) any prejudice to the opposing party at each stage of the proceedings. Whalen, 80 Fed. Cl. at 691 (citing Wolfchild, 62 Fed. Cl. at 553; Advanced Textile, 214 F.3d at 1067-68).

Other circuits use a similar approach. See, e.g., Sealed Plaintiff, 537 F.3d at 188-90 (applying ten factors addressing the severity and likelihood of harm, the public interest, and prejudice to the opposing party). The first three of the five factors capture the weight of a plaintiff's privacy interest. Cf. id. at 189; Advanced Textile, 214 F.3d at 1067-68. The Court will address this factor first, then discuss prejudice and the public interest.

I.   Plaintiffs' Interest in Proceeding Anonymously

In assessing the weight of a plaintiff's privacy interest in proceeding anonymously, courts generally conclude that a threat of physical or psychological harm is sufficiently severe. See, e.g., Doe v. Ayers, 789 F.3d 944 (9th Cir. 2015) (inmate's presenting evidence of past assault in habeas proceeding exposed him to risk of further assault). But that threat cannot be "speculative" or "unsubstantiated." Doe v. Pub. Citizen, 749 F.3d 246, 274 (4th Cir. 2014). A reasonable person must believe that the risk of harm could materialize. Advanced Textile, 214 F.3d at 1071.

The Government argues that Plaintiffs' asserted risk of harm is "potential" and non-specific, and it notes that Plaintiffs have not submitted any declarations stating that they "have a legitimate fear of attack." Def. Resp. at 4-5 (citing Pls. Mot. at 1, 4). It also argues that the FOIA case Plaintiffs cite for support involves an entirely different legal context. Finally, the Government contends that the "cat is out of the bag" because Plaintiffs' names have been public for over a month, and, in any case, at least two Plaintiffs disclose that they work for BATF on the social media website LinkedIn. Def. Resp. at 5.

First, the Government's "cat is out of the bag" argument fails because the fact that Plaintiffs have not been harassed or attacked yet does not imply that anonymizing their names now has no value. Further, disclosure on social media by one or more Plaintiffs cannot waive the privacy interest arguments of every Plaintiff in the case. And at least one of the Plaintiffs the Government pointed to on LinkedIn has deleted his account. Pls. Reply at 7, Ex. A.

Second, in Long v. OPM, 692 F.3d 185 (2d Cir. 2012), the FOIA case Plaintiffs rely on, OPM claimed that it could withhold the names of BATF employees from its response to a FOIA request pursuant to Exemption 6, which allows agencies to refuse to disclose information where disclosure would "constitute a clearly unwarranted invasion of personal privacy," id. at 189-91 (citing 5 U.S.C. § 552(b)(6)). In Long, OPM asserted that BATF is a "sensitive" law enforcement agency and that disclosing its employees' names could subject them to harassment or attack. Id. OPM provided two declarations from agency officials to support its contention. Long v. OPM, 2007 WL 2903924, at *15-16 (N.D.N.Y. Feb. 23, 2010). And both the district court and the appellate court agreed with OPM.

Here, the Government offers nothing to discredit OPM's representation in Long that BATF employees could be at risk of attack or harassment if their names are publicly disclosed. Although the tests for proceeding anonymously and for reviewing an agency's invocation of FOIA Exemption 6 differ, determining the weight of the relevant individuals' privacy interests is essential to both. Plaintiffs here rely on OPM's previous representation that BATF is a sensitive law enforcement agency and that disclosing the names of BATF employees could endanger them. OPM's representation provides evidence that Plaintiffs have a non-trivial privacy interest in keeping their names private. And this does not, as the Government contends, create a presumption that BATF employees can sue anonymously; Plaintiffs still have to show that prejudice to the Government and the public's interest in open judicial proceedings do not outweigh their privacy interests.

II.     Prejudice to the Government

In assessing prejudice to a defendant, courts examine a variety of factors, such as whether a jury would view an anonymous plaintiff differently, see Doe v. Delta Airlines, Inc., 310 F.R.D. 222, 225 (S.D.N.Y. 2015), aff'd, 672 F. App'x 48 (2d Cir. 2016); whether anonymity would deprive the defendant of potential witnesses, see id.; whether the defendant knows the plaintiff's true identity, see Doe v. United States, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016); and whether anonymity would impact discovery, see Doe No. 2 v. Kolko, 242 F.R.D. 193, 198 (E.D.N.Y. 2006), among other things.

The Government would suffer little or no prejudice from Plaintiffs' proceeding anonymously. The Government does not even allege any prejudice. Instead, it recites the prejudice factor in its statement of the law, and then argues that it would be "nonsensical" to anonymize Plaintiffs here, but not in the other two BATF FLSA cases before the Court of Federal Claims, because those cases and this case involve overlapping plaintiffs. See Def. Resp. at 9 (citing Fed Cl. No. 17-1946; Fed. Cl. No. 18-520). The Government then repeats that Plaintiffs have not articulated a sufficiently specific risk of harm.

These arguments have nothing to do with prejudice to the Government. In any event, the plaintiffs in the other two cases have also filed motions to proceed anonymously

and under protective orders. No. 17-1946, Dkt. No. 90; No. 18-520, Dkt No. 26. And only some of the 17-1946 plaintiffs, and none of the 18-520 plaintiffs, overlap with Plaintiffs in this case. Pls. Reply at 11. Granting Plaintiffs' motion would not impact the Government's ability to conduct discovery, impeach any Plaintiff, locate relevant witnesses, or otherwise mount a successful defense. The administrative burden on the Government is minimal, and the Government already knows Plaintiffs' identities and can access them pursuant to the protective order. If prejudice to the Defendant changes as the case progresses, the Court may revisit the issue.

III.  The Public Interest

Generally, a plaintiff's "use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings." Advanced Textile, 214 F.3d at 1067 (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598-99 (1978)). However, the public interest in knowing a plaintiff's name is weaker where anonymity does not obstruct the public's view of the issues. Id. at 1068-69, 1072 (citation omitted).

This case presents just such a situation. Granting Plaintiffs' request would not impair the public's view of the presentation and resolution of the FLSA issues. But, as with the prejudice factor, the Court may revisit this issue as the case progresses.

Conclusion

Accordingly, Plaintiffs' non-trivial interest in keeping their names private outweighs the minimal prejudice to the Government and the insignificant impairment of the public's interest in open court proceedings. Therefore, Plaintiffs' motion for a protective order and to permit Plaintiffs and putative class members to file their claims anonymously is GRANTED.

The Clerk is directed to seal all pleadings identifying any Plaintiff by name. The Plaintiffs shall then file public versions of those documents, using anonymous identifiers. The parties may also file future pleadings using anonymous identifiers. The parties shall file, under seal, a key identifying all parties. The Court will enter the requested protective order on the docket separately.

IT IS SO ORDERED.

> s/ Thomas C. Wheeler
> THOMAS C. WHEELER
> Judge